J-S45012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JEROME THOMAS | : | |
| Appellant | : | No. 1323 MDA 2023 |

Appeal from the PCRA Order Entered July 19, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005255-2021

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 13, 2025**

Appellant, Jerome Thomas, appeals *pro se* from the July 19, 2023 order entered in the Court of Common Pleas of York County that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9542-9546.  After careful consideration, we vacate the July 19, 2023 order and remand this case for further proceedings in accordance with this memorandum.

The record reveals that, on May 24, 2022, Appellant pleaded guilty to four counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance (cocaine) (Counts 1 – 4), and one count each of knowingly or intentionally possessing a controlled substance (cocaine) (Count 6), use of, or possession with intent to use, drug paraphernalia (Count 7), and criminal conspiracy to commit the offense of manufacture, delivery, or possession with the intent to manufacture or deliver a controlled

substance (Count 5).[1]  On July 20, 2022, the trial court imposed an aggregate sentence of 5 to 10 years' incarceration.[2]  Appellant did not appeal the judgment of sentence.  As such, his judgment of sentence became final on August 19, 2022.  *See* 42 Pa.C.S.A. § 9543(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review"); *see also* Pa.R.A.P. 903(a) (requiring a notice of appeal to be filed within 30 days after entry of an order from which an appeal is taken).

On November 1, 2022, Appellant filed *pro se* a motion for sentence status consideration.[3]  In his motion, Appellant asked the trial court to modify

_____

[1] 35 P.S. §§ 780-113(a)(30) (4 counts), (a)(16), and (a)(32), as well as 18 Pa.C.S.A. § 903(a)(1), respectively.

[2] On Count 1, Appellant was sentenced to 45 to 90 months' incarceration.  On Counts 2 and 3, Appellant was sentenced as to each count to 52 to 104 months' incarceration.  On Counts 4 and 5, Appellant was sentenced as to each count to 60 to 120 months' incarceration.  On Count 6, Appellant was sentenced to 18 to 36 months' incarceration.  On Count 7, Appellant was sentenced to 6 to 12 months' incarceration.  Each of Appellant's sentences were set to run concurrently to each other.  The aggregate sentence was 5 to 10 years' incarceration.  Appellant was credited for 287 days of time served (October 7, 2021, to July 20, 2022) and ordered to pay the costs of prosecution.  Appellant was also found to be eligible for a state drug treatment program, the recidivism risk reduction incentive program, and boot camp. N.T., 7/20/22, at 23-25, 33-34.

[3] Appellant's *pro se* motion for sentence status consideration, which was dated November 2, 2022, was timestamped as having been received by the PCRA court on November 4, 2022.  The envelope that Appellant used to mail his

his July 20, 2022 sentence so it would run concurrently with all previously imposed sentences Appellant was serving, including any sentence Appellant was ordered to serve for a parole violation.[4]  Motion for Sentence Status Consideration, 11/4/22.  The PCRA court treated Appellant's *pro se* motion as a PCRA petition, his first.  **See** PCRA Court Opinion, 7/27/23, at 2 (stating, Appellant "filed a *pro se* 'motion for sentence status consideration' which [the PCRA] court treated as a timely first [PCRA] petition" (extraneous capitalization omitted)).  On November 22, 2022, the PCRA court appointed counsel to represent Appellant and subsequently granted counsel an extension to file an amended PCRA petition.  PCRA Court Order, 11/22/22; **see also** PCRA Court Order, 1/9/23.

_____

motion reveals a postage mark dated November 1, 2022.  Therefore, pursuant to the "prisoner mailbox rule," we deem Appellant's motion to have been filed on November 1, 2022, the date on which Appellant deposited the motion in the prison mailbox as evidenced by the postage date.  **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the "prisoner mailbox rule," a document is deemed filed on the date an inmate deposits the mailing with prison authorities or places it in the prison mailbox).  The fact that Appellant dated the motion for November 2, 2022, is of no consequence, as the postmark demonstrates that the motion was deposited in the prison mailbox on the day prior.

Moreover, from here forward, we deem Appellant's *pro se* filings to be filed on the date Appellant deposited the filing in the prison mailbox as evidenced by the postage mark date.  **Id.**

[4] At the time he committed the aforementioned criminal offenses, Appellant was on parole for other drug-related convictions.  His conviction of the aforementioned offenses constituted a parole violation, and Appellant was ordered to serve 18 months' incarceration as back-time due to his parole violation.  N.T., 7/20/22, at 10-11.

On February 21, 2023, PCRA counsel filed a petition to withdraw as counsel for Appellant. In his petition to withdraw, counsel stated that he sent Appellant a ***Turner/Finley***[5] no-merit letter, which was also dated February 21, 2023. A copy of the ***Turner/Finley*** no-merit letter was attached to the petition to withdraw. Petition to Withdraw, 2/21/23, at ¶7. In the ***Turner/Finley*** no-merit letter, counsel outlined his review of the case, ultimately concluding that Appellant's request for collateral relief was of no merit.[6] ***Id.*** at Exhibit A. Counsel advised Appellant that, if the petition to withdraw is granted, Appellant had the right to proceed *pro se* or with new counsel. ***Id.***

---

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***see also Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] In the ***Turner***/***Finley*** no-merit letter, PCRA counsel identified that the issue Appellant sought to raise in his first PCRA petition (motion for sentence status consideration) was "to have the [trial c]ourt direct [] the Pennsylvania Board of Probation and Parole [to] run the sentence of 18 months['] recommitment in [Appellant's parole violation] case concurrent[ly] with the sentence in the present case[.]" ***Turner***/***Finley*** No-Merit Letter, 2/21/23, at 2 (unpaginated). PCRA counsel explained that Section 6138(5) of the Prisons and Parole Code stated that, "If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed [when] a person is paroled from a [s]tate correctional institution and the new sentence imposed on the person is to be served in [a s]tate correctional institution." ***Id.*** at 3 (unpaginated), *citing* 61 Pa.C.S.A. § 6138(a)(5)(i). PCRA counsel opined that Appellant's issue was, therefore, of no merit because "the Court of Common Pleas of York County has no authority to order such a directive that is contrary to Pennsylvania statutes relating to state parole and probation[.]" ***Turner***/***Finley*** No-Merit Letter, 2/21/23, at 3.

That same day, February 21, 2023, Appellant filed *pro se* a motion requesting a **Grazier**[7] hearing. Appellant's *Pro Se* Motion for **Grazier** Hearing, 2/21/23, at 1, 3 (unpaginated). In his motion, Appellant also raised a new substantive claim, alleging that PCRA counsel was ineffective for failing to file an amended PCRA petition that, in turn, asserted a claim of ineffective performance by trial counsel for failure to challenge Appellant's arrest and seek a suppression of evidence. *Id.* at 2 (unpaginated). In Appellant's view, the police failed to obtain, and serve Appellant with, a valid arrest warrant prior to his arrest, and the evidence seized as a result of executing the search warrant was obtained as a result of Appellant being entrapped into selling illegal contraband to a confidential informant. *Id.*

On February 23, 2023, the PCRA court scheduled an evidentiary hearing on Appellant's first PCRA petition. PCRA Court Order, 2/23/23. On March 2, 2023, the PCRA court entered a scheduling order, cancelling the hearing on Appellant's first PCRA petition.[8] On March 7, 2023, the PCRA court granted PCRA counsel's petition to withdraw as counsel for Appellant. That same day, the PCRA court provided Appellant with notice pursuant to Pennsylvania Rule of Criminal Procedure 907 of its intent to dismiss his first PCRA petition without a hearing within 20 days of the notice. Rule 907 Notice, 3/7/23. The Rule

---

[7] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[8] The PCRA court explained that the PCRA evidentiary hearing was scheduled in error. PCRA Court Order, 4/12/23.

907 notice instructed Appellant that he had 20 days to file objections, if any, to the Rule 907 notice. *Id.* Appellant filed two requests for an extension of time to file an objection. On March 30, 2023, the PCRA court extended Appellant's deadline to file objections to the Rule 907 notice until May 1, 2023. PCRA Court Order, 3/30/23.

In its March 30, 2023 order, the PCRA court also informed Appellant that it was not aware of Appellant's February 21, 2023 *pro se* motion requesting a ***Grazier*** hearing until Appellant filed a motion for an extension of time to file objections. *Id.* The PCRA court stated that it considered Appellant's *pro se* motion requesting a ***Grazier*** hearing to be a second PCRA petition. *Id.* The PCRA court informed Appellant that it was unable to consider the second PCRA petition because Appellant filed the petition *pro se* while represented by PCRA counsel and such filings are "considered a nullity." *Id.*

On April 6, 2023, Appellant filed *pro se* a "petition contesting cancellation of PCRA notice of hearing without justification." In his petition, Appellant asserted, *inter alia*, that

> [PCRA counsel] filed a [***Turner***/***Finley*** no-merit] letter on [February] 21, 2023[, pertaining] to [Appellant's first *pro se* PCRA petition,] which challenges trial counsel's failure to ask [] the [trial c]ourt to run [Appellant's] sentence concurrently with prior sentences of probation following [Appellant's] recommitment, pursuant to 42 Pa.C.S.A. § 9761 and the ruling in ***Commonwealth v. Dorian***, 460 A.2d 2232 [(]Pa. Super. 1983[)], but [PCRA] counsel claims there's no merit to this claim. This is a false accusation by counsel, which is contrary to law and appellate decision.

- 6 -

Appellant's *Pro Se* Petition Contesting Cancellation of PCRA Notice of Hearing without Justification, 4/6/23, at ¶1. On April 17, 2023, Appellant filed *pro se* a motion to vacate the PCRA court's March 30, 2023 order on the ground that Appellant believed he was not represented by PCRA counsel at the time he filed his *pro se* motion requesting a **Grazier** hearing (which the PCRA court treated as a second PCRA petition) because PCRA counsel filed a motion to withdraw. Appellant's *Pro Se* Motion to Vacate Order, 4/17/23.

On July 19, 2023, the PCRA court denied Appellant's first PCRA petition.[9] PCRA Court Order, 7/19/23. On July 26, 2023, Appellant filed *pro se* a notice of appeal challenging the July 19, 2023 order. On September 28, 2023, the PCRA court appointed counsel to represent Appellant. The PCRA court also directed Appellant to file a concise statement of errors complained of on appeal

_____

[9] In its July 19, 2023 order, the PCRA court stated it denied Appellant's petition for the reasons set forth in the opinion attached to the order. An opinion was not attached to the July 19, 2023 order.

On July 27, 2023, the PCRA court issued a second order denying Appellant's petition, this time with an opinion explaining its decision. The PCRA court did not vacate its July 19, 2023 order.

We find that the July 19, 2023 order is the order denying Appellant's PCRA petition. The second order entered on July 27, 2023 is, therefore, moot. The opinion attached to the July 27, 2023 order, however, sets forth the rationale for the PCRA court's denial of Appellant's petition and may be considered.

pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) or an **Anders** brief.[10]  PCRA Court Order, 9/28/23.

On October 17, 2023, Appellant filed *pro se*, *inter alia*, a request for a **Grazier** hearing, asking the PCRA court to permit him to proceed *pro se* in his appeal challenging the July 19, 2023 order denying his PCRA petition.  The PCRA court conducted a **Grazier** hearing on December 4, 2023.  At the conclusion of the **Grazier** hearing, the PCRA court granted Appellant's request to proceed *pro se*, finding that Appellant made a "knowing, voluntary, and intelligent waiver [of] his right to counsel."  PCRA Court Order, 12/4/23.  The PCRA court informed Appellant that he had 21 days to file a Rule 1925(b) statement.  **Id.**  The record does not reveal that Appellant filed a Rule 1925(b) statement.  On January 3, 2024, the PCRA court filed its Rule 1925(a) opinion.

Appellant raises *pro se* the following issues for our review:[11]

[1.]  Whether the [] PCRA court erred in not finding PCRA counsel ineffective for [failing to raise a claim of] trial counsel's ineffective assistance of counsel for failure to [challenge] Appellant's [award of credit for time served]?

[2.]  Whether the [] PCRA court erred [] in not finding PCRA counsel ineffective for [failing to raise a claim of] trial

---

[10] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[11] We note that, in a July 18, 2024 *per curiam* order, this Court, upon granting an extension of time, ordered Appellant to file his appellate brief on or before September 20, 2024.  *Per Curiam* Order, 7/18/24.  Appellant filed his appellate brief on September 30, 2024.

counsel's ineffective assistance of counsel for failure to [challenge] the defective arrest warrant?

[3.] Whether the [] PCRA court erred in not finding PCRA counsel ineffective for [failing to raise a claim of] trial counsel's ineffective assistance of counsel for failure to [challenge] the trial court's failure to [first assess] whether Appellant could pay the court fines imposed?

[4.] Whether the [] PCRA court erred in not finding PCRA counsel ineffective for [failing to raise a claim of] trial counsel's ineffective assistance of counsel for failure [to challenge the] defective guilty plea colloquy?

Appellant's Brief at 4 (extraneous capitalization omitted).

As a prefatory matter, we must examine the procedural posture of the case *sub judice* as it implicates our jurisdiction to consider Appellant's claims. *See Forrester v. Hanson*, 901 A.2d 548, 545 (Pa. Super. 2006) (stating, an issue of jurisdiction may be raised by this Court *sua sponte*). Here, the record reveals that Appellant was sentenced on July 20, 2022, and because Appellant did not seek an appeal, his judgment of sentence became final on August 19, 2022. *See* 42 Pa.C.S.A. § 9543(b)(3); *see also* Pa.R.A.P. 903(a).

As discussed *supra*, on November 1, 2022, Appellant filed *pro se* a "motion for sentence status consideration," which the PCRA court treated as Appellant's first PCRA petition. In his motion, Appellant asked the trial court to modify the aforementioned sentence so the newly-imposed sentence would run concurrently to any sentence Appellant was then serving or any sentence Appellant received for violating his parole, which was triggered by his conviction in the case *sub judice*. Appellant's objective in filing the motion was to shorten his release date after serving all sentences. Motion for

Sentence Status Consideration, 11/1/22. The essence of Appellant's motion was a request for an illegal sentence. If the trial court imposed a new sentence in the case *sub judice* that was set to run **concurrently** to the sentence Appellant received as a result of violating his parole, the newly-imposed sentence would violate Section 6138(5) of the Prisons and Parole Code. **See** 61 Pa.C.S.A. § 6138(a)(5)(i) (requiring a state parolee to serve the back-time on a parole violation resentence before serving a new sentence that is to be served in a state correctional institution, thus, negating a sentencing court's authority to impose a sentence that would run concurrently with a parole violation resentence).

Our first inquiry is whether Appellant's motion for sentence status conference constituted a PCRA petition. It is well-settled that "the PCRA is intended to be the sole means of achieving post-conviction [collateral] relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013). If an issue is cognizable under the PCRA, the issue must be raised in a timely PCRA petition. **Id.** at 465-466. Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007); **see also Commonwealth v. Torres**, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the [PCRA] court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citation omitted)); **Commonwealth v. Hromek**, 232 A.3d 881, 884

(Pa. Super. 2020) (affirming the **Wrecks**' holding that regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA).

A request for sentencing relief that implicates a trial court's authority to grant the requested sentencing relief compared to a trial court's discretionary sentencing powers fits within the broader definition of a legality of sentence claim cognizable under the PCRA. **See Commonwealth v. Prinkey**, 277 A.3d 554, 561 (Pa. 2022) (stating, "where the sentencing court's authority to act has been infringed upon, the sentence is 'illegal' for issue-preservation purposes" (citation and quotation marks omitted)); **see also Commonwealth v. Burton**, 290 A.3d 706, 2022 WL 17986518, at *8 (Pa. Super. 2022) (unpublished memorandum); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (stating that, a timely challenge to the "legality of [a] sentence is always subject to review within the PCRA"); **Commonwealth v. Foster**, 17 A.3d 332, 344-345 (Pa. 2011) (stating that, when a trial court's "inherent, discretionary authority to wield its statutorily prescribed sentencing powers [has been] supplanted, abrogated, or otherwise limited," a defendant's challenge to a mandated sentencing feature implicates the legality of that sentence).

In his motion for sentence status conference, Appellant asked the trial court to modify the aforementioned sentence so the newly-imposed sentence would be set to run concurrently with the back-time Appellant was serving on

- 11 -

his sentence for revocation of parole. If Appellant were granted the sentencing relief he requested, the new sentence would result in an illegal sentence because under Section 6138(a)(5)(i) of the Prisons and Parole Code, a trial court would not have the inherent authority to impose a concurrent sentence under Appellant's circumstances. **See** 61 Pa.C.S.A. § 6138(a)(5)(i). Therefore, we find that because Appellant's motion for sentence status conference implicated the trial court's authority to impose a sentence, Appellant's motion involves an illegal sentence claim cognizable under the PCRA. As such, we concur with the PCRA court that Appellant's motion for a sentence status conference was a PCRA petition.

We cannot, however, concur with the PCRA court that Appellant's subsequent *pro se* motion requesting a **Grazier** hearing was a second PCRA petition, for which the PCRA court lacked jurisdiction to address. **See** PCRA Court Opinion, 7/27/23, at 3; **see also** PCRA Court Order, 3/30/23. The purpose of a **Grazier** hearing is to allow a trial court to make an on-the-record determination as to whether, or not, a defendant intended to waive his or her right to counsel knowingly, intelligently, and voluntarily. **Grazier**, 713 A.2d at 82. A request for a **Grazier** hearing does not request relief cognizable under the PCRA. **See generally**, 42 Pa.C.S.A. § 9543(a)(2). Because a request for a **Grazier** hearing does not fall within the ambit of the PCRA, Appellant's motion requesting the same was incorrectly determined to be a

PCRA petition.[12] Instead of treating the motion as a second PCRA petition, the PCRA court was required to conduct a *Grazier* hearing to determine whether, or not, Appellant intended to knowingly, intelligently, and voluntarily waive his right to counsel on his first PCRA petition. Because the PCRA court did not act upon Appellant's request and conduct a *Grazier* hearing, we are constrained to vacate the PCRA court's July 19, 2023 order denying Appellant's petition. We remand this case so the PCRA court can conduct a proper *Grazier* hearing and determine whether, or not, Appellant intended to knowingly, intelligently, and voluntarily waive his right to counsel on his first PCRA petition.[13]

_____

[12] The fact that Appellant's motion requesting a *Grazier* hearing included allegations of PCRA counsel's ineffectiveness did not require the PCRA court to treat Appellant's motion as a PCRA petition. Our Supreme Court in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) stated that a petitioner may raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. *Bradley*, 261 A.3d at 401.

[13] We are cognizant that, on December 4, 2023, the PCRA court conducted a *Grazier* hearing and determined that Appellant knowingly, voluntarily, and intelligently waived his right to counsel **for purpose of his appeal**. The December 2023 *Grazier* hearing, and the PCRA court's determination therein, does not, however, satisfy the PCRA court's obligation to conduct a *Grazier* hearing to determine if Appellant intended to knowingly, voluntarily, and intelligently waive his right to counsel **for purpose of pursuing the issues raised in Appellant's first PCRA petition**.

- 13 -

Order vacated.  Case remanded.  Jurisdiction relinquished.


Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/13/2025